Barbour, J.
The complaint does not state that the notes of the plaintiffs were indorsed by the insurance company when they delivered the same to the bank, but, simply, avers that the company deposited them with the bank, as collateral security for a loan. This omission on the part of the plaintiffs, is of great materiality. For, while an indorsement and delivery of the notes to the bank before their day of payment, whether to be held as collateral security or otherwise, would have vested in it the legal ownership of such commercial paper, subject to no equities of which the bank was then ignorant, a mere deposit of such notes as collateral security, without indorsement, did not operate to divest the pledgor of Ms legal ownership, but, only, to vest in the bank, as pledgee, a contingent equitable interest in the notes, or the proceeds thereof, in case the loan should not be repaid; and which equitable interest was, of course, subject to the prior equity then existing in favor of the maker against the pledgor. For this reason, I • am of opinion that the demurrer must be sustained, inasmuch as the averment *482 and proof of such equities will be a perfect defense tó the action brought against the makers of the notes by the bank, in the court of common pleas, and, therefore, this suit is unnecessary. The plaintiffs are entitled to no relief, upon the facts presented in their complaint,, beyond what they may obtain by answer there. 4
It remains "to be considered whether the plaintiffs can so amend their complaint as to enable them to recover; for, unless they can, the defendants are entitled to judgment absolute upon their demurrer.
If the notes were negotiable by the insurance company, (a fact which does not now clearly appear by the pleading,) and were duly indorsed and delivered by them to the bank, before the same became due and payable, such indorsement and delivery, it appears to me, divested the company of the entire legal ownership of the notes and vested the same in the bank; which thenceforth held and still holds them as owner thereof, precisely like any other indorsee and holder of commercial paper, taking the same before, due and without notice of any equities existing against it, and has a legal right to collect the same and apply the whole of the proceeds to the payment of the loan, even though it holds other securities therefor. Ho valid defense, therefore, can be made by the makers of the notes in the suit which has been brought upon them in the common pleas. But it by no means follows that such makers can have any relief in this action. It is true that although the company transferred, by their indorsement and delivery, all their legal ownership.to the bank, they reserved to themselves, by operation of law, the right to have a reconveyance of such ownership upon paying the loan, or to have and receive any surplus of the proceeds of the notes that might remain after its payment; and it is equally clear that, had the company retained that right, these plaintiffs might, in a creditor’s suit *483 against the bank and such company, founded upon a judgment against the latter, have obtained a decree subrogating them to all the rights of the company. But I know of no principle in the law which would permit such an action as this, which is purely of an equitable nature, to be maintained, even as against the company, previous to a judgment establishing the claim of the plaintiffs upon the policies.
If, then, shell an action would not lie against the insurance company and the bank, in the case supposed, a fortiori, it seems to me, this suit cannot be maintained against the company’s assignees in bankruptcy. For although the ultimate object of the action, evidently is to reach the assets of the plaintiff’s debtors in the hands of the bank, it lacks some of the essential requisites of a creditor’s suit; no judgment being alleged, and the debtors themselves not being parties thereto. Besides, assuming that the bank holds the notes by indorsement and delivery before maturity, the case made by the complaint stands thus: Mrst. The bank is the legal owner of the notes, subject to the equitable right of the receivers to compel a re-indorsement and delivery thereof to them upon paying the loans. Second. The receivers are the owners of that right, as trustees for all the creditors df the company whose claims are allowed, and, also, they will be entitled to have and apply to the purposes of their trust, such notes, or the proceeds thereof, as shall remain after the loans are paid. Third. The plaintiffs are, simply, creditors of the bankrupt company to the extent of their losses covered by the policies; and, under the bankrupt act, as I understand it, they are entitled to share in the proceeds of the assets coming to the assignees, including the contingent claim of the company against the bank, pro rata with the other creditors, and not otherwise. It is easy to see, therefore, that a judgment awarding to the plaintiffs in this action *484 the relief prayed for specifically, or any relief the effect of which would be to give them more than their pro rata share of the assets, or any portion of them, in the hands of the assignors, would, of itself, he inequitable; for, not only is equality equity, but “ equitas sequitur legem.”
The judgment on demurrer must, therefore, be absolute.